**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                              :
RANDY SCARBOROUGH,            :
                              : Civil Action No. 09-3658 (WJM)
            Petitioner,       :
                              :
       v.                     :           **O P I N I O N**
                              :
DONALD MEE,                   :
                              :
            Respondent.       :
_____:

**APPEARANCES:**

Randy Scarborough, Pro Se
438931
4-Down 2 Tier 41 Cell
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065

Luanh Liu Lloyd, Esq.
Essex County Prosecutor's Office
50 West Market Street
Newark, NJ 07102
Attorney for Respondent

**MARTINI, District Judge**

　　Petitioner, Randy Scarborough, a prisoner confined at the East Jersey State Prison in Rahway, New Jersey, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is Administrator Donald Mee.

　　For the reasons stated herein, the petition must be denied.

**BACKGROUND**

On October 28, 2002, after a trial by jury, Petitioner was sentenced in the Superior Court of New Jersey, Law Division, Essex County, to a 30-year term of imprisonment for robbery, terroristic threats, and assault convictions (Respondent's Exhibit "RE" G).

Petitioner appealed his conviction and sentence to the Superior Court of New Jersey, Appellate Division ("Appellate Division"), which affirmed on November 25, 2003 (RE J). Petitioner's petition for certification to the New Jersey Supreme Court was denied on February 10, 2004 (RE M).

Petitioner filed a petition for post-conviction relief in the trial court on January 8, 2006 (RE N). The petition was denied on December 13, 2006 (RE R), with the denial affirmed by the Appellate Division on May 22, 2008 (RE U). On January 16, 2009, the New Jersey Supreme Court denied certification (RE V).

Petitioner filed this petition for habeas relief, pursuant to 28 U.S.C. § 2254, on or about July 23, 2009. He was advised of his rights pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), on January 12, 2010. Respondent was ordered to answer the petition. On April 14, 2010, Respondent filed an answer and the relevant state court record. Petitioner has not filed a reply/traverse to the answer.

In his petition, Petitioner asserts ineffective assistance of counsel and unconstitutional sentencing as his grounds for habeas relief (Petition, ¶ 12).

In the answer, Respondent argues as an affirmative defense that the petition is time-barred. Respondent also asserts that the claims have no merit.

## DISCUSSION

### A. Pleading Standards

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### B. The Petition is Time-Barred

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

>     violation of the Constitution or laws or treaties of
>     the United States.

28 U.S.C. § 2254(a).  A petitioner's ability to pursue the writ of habeas corpus is subject to various affirmative defenses, including the defense, asserted here, that this petition is time-barred.

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

>     (1) A 1-year period of limitations shall apply to an
>     application for a writ of habeas corpus by a person in
>     custody pursuant to the judgment of a State court. The
>     limitation period shall run from the latest of-
>
>         (A) the date on which the judgment became final by
>         the conclusion of direct review or the expiration
>         of the time for seeking such review;
>
>         (B) the date on which the impediment to filing an
>         application created by State action in violation
>         of the Constitution or laws of the United States
>         is removed, if the applicant was prevented from
>         filing by such State action;
>
>         (C) the date on which the constitutional right
>         asserted was initially recognized by the Supreme
>         Court, if the right has been newly recognized by
>         the Supreme Court and made retroactively
>         applicable to cases on collateral review; or
>
>         (D) the date on which the factual predicate of the
>         claim or claims presented could have been
>         discovered through the exercise of due diligence.
>
>     (2) The time during which a properly filed application
>     for State post-conviction or other collateral review
>     with respect to the pertinent judgment or claim is
>     pending shall not be counted toward any period of
>     limitation under this section.

The limitations period is applied on a claim-by-claim basis. See Fielder v. Verner, 379 F.3d 113 (3d Cir. 2004), cert. denied, 543 U.S. 1067 (2005); Sweger v. Chesney, 294 F.3d 506 (3d Cir. 2002). Here, the facts alleged indicate that the timeliness of the entire petition must be measured by Section 2244(d)(1)(A).

Thus, evaluation of the timeliness of this § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending" for tolling purposes.

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n. 1 (3d Cir. 1999); U.S. Sup. Ct. R. 13. A state court's grant of leave to file an out-of-time direct appeal resets the date when the conviction becomes final under § 2244(d)(1). See Jimenez v. Quartermain, 129 S. Ct. 681 (2009).

To statutorily toll the limitations period, a state petition for post-conviction relief must be "properly filed." As such:

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record. And an application is

5

> "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.

Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted) (finding that a petition was not "[im]properly filed" merely because it presented claims that were procedurally barred under New York law on the grounds that they were previously determined on the merits upon an appeal from the judgment of conviction or that they could have been raised on direct appeal but were not).

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz, 204 F.3d at 420-24. However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state

6

post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."  Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) also is subject to equitable tolling.  See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  Equitable tolling applies:

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations and punctuation marks omitted).  Among other circumstances, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition.  See Jones, 195 F.3d at 159; see also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal

habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Finally, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).

Here, the judgment against Petitioner was entered on October 28, 2002. Petitioner's direct appeal concluded on February 25, 2004, with the denial of certification by the New Jersey Supreme Court. Petitioner did not file for certiorari with the United States Supreme Court; however, for purposes of calculating the time for filing his habeas petition, the time in which he could have filed for certiorari is considered. Thus, Petitioner had until May 25, 2004 to file for certiorari in the United States Supreme Court, and the conviction became "final" on that date, for purposes of calculating the federal limitations period.

Thus, absent some other basis for tolling, the one-year limitations period for filing this federal habeas petition expired on May 26, 2005 (which is one year from the date that Petitioner could have filed for certiorari to the United States Supreme Court).

8

Petitioner did not file his state petition for post-conviction relief until January 8, 2006, after the federal habeas limitations period had already expired.  Thus, that filing would have been too late to statutorily toll the federal limitations period, which had already expired.

Accordingly, this petition is time-barred, and must be denied.

## **CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

9

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not find this Court's procedural ruling debatable.  Accordingly, no certificate of appealability shall issue.

## CONCLUSION

For the reasons set forth above, the petition must be denied.  An appropriate order follows.

s/William J. Martini

WILLIAM J. MARTINI
United States District Judge

Dated: 1/27/12

10